## In re Buckingham Township Supervisors

*Peter S. Thompson*, for petitioners.
*Robert W. Valsmont*, contra.

SATTERTHWAITE, *J.*, April 24, 1975—This is a petition under section 402(b) of The Second Class Township Code, as last amended by section 1 of the Act of March 1, 1974, P.L. 84 (No. 26), 53 PS §65402(b), by 214 persons purporting to be registered electors of Buckingham Township, statedly more than five percent thereof, seeking court approval for the election of two additional supervisors in said township. At a hearing held thereon pursuant to advertised and other public notice as required by preliminary order of the court, evidence was heard from both proponents and opponents of the proposal.

There is no merit to petitioners' contention that the court has no discretion in the matter and must approve the application upon a mere determination that the statutory criteria of township population and requisite percentage of registered electors as petitioners have been met. The statute clearly states that the court "*may* provide for the election of two additional supervisors." (Emphasis supplied.)

Such language is permissive, not mandatory. Compare Horsham Township Election, 40 D. & C. 2d 164 (1966). We do not agree with that part of Tredyffrin Township Supervisors Election, 27 D. & C. 2d 764 (1962) which, as one of two alternative bases for decision, held to the contrary.

In the exercise of such discretion, the court believes that, under the circumstances developed at the hearing, the application should be denied and

refused as inappropriately filed timewise, so that the will of a majority of the electorate might not be effectuated in the selection of the two new supervisors so to be provided for.

Notwithstanding that the 1974 amendment to section 402, reducing the eligibility requirement of township population from 10,000 to 3,000, had been in effect since March 1, 1974, and had been known to all the prime movers supporting the present application since that time, the petition was not actually filed until 4:01 p.m. on March 11, 1975, just 14 minutes before the closing hour of the Bucks County Board of Elections on the last day for the filing of nomination petitions for candidates to be selected at the May primary election for municipal offices to be elected in November 1975. And it would seem not by coincidence that one of the outspoken proponents of the within application himself filed with the board of elections on that very same last day petitions for his own nomination as a candidate for *both* of the proposed new positions.

It also is clearly apparent from the testimony of all of those proponents who testified that the real motivation behind the instant petition was a desire on the part of many of the petitioners to place upon the board of township supervisors, whether or not selected by majority vote of the electorate, two new holders of that office in an effort to overturn or supersede controversial decisions made by the existing board relative to planning and zoning matters within the township.

Under the circumstances, the court believes that the situation herein presented is not unlike that presented before Judge Laub in In re Two Additional Supervisors for Harborcreek Township, 46

Erie 36 (1961), wherein a similar petition was denied and refused on the ground that the real and immediate motivation and occasion, as in the instant case, was obscured as to considered regard for the public interest, and was actually concerned with collateral maneuvering for possible tactical advantage in controversial matters of public interest then pending in other forums.

Furthermore, in the instant case, petitioners manifestly timed their application so as practically to circumvent the usual statutory scheme of the Election Code for the selection from a full slate of duly nominated candidates by vote of all eligible party electors at the primary election. If the court should approve this application at this time, section 402(c) of The Second Class Township Code, supra, would require the election of the two new supervisors at the next municipal election, i.e., that in November, 1975. Since it is too late for placing names on the May primary ballot, candidates for the November election would be named, not by the electorate, but by the respective political parties according to their own internal rules: Section 993 of the Pennsylvania Election Code, Act of June 3, 1937, P.L. 1333, art. IX, as amended, 25 PS §2953. It is thus readily conceivable that the first encumbents of the two newly created township supervisors herein applied for, might well be placed in office despite the fact that, had they had a choice in the primary, the majority of the electors of Buckingham Township would not have selected them.

The refusal of the within application at this time shall be regarded in no way as prejudging or in any way affecting this court's possible future decision on a more opportune application presented under more appropriate circumstances.

## ORDER

And now, April 24, 1975, for the reasons stated in the foregoing memorandum, the within petition for increasing the number of supervisors of Buckingham Township from three to five is hereby denied, refused and dismissed.